# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAVID R. NEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:12-CV-301 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by Respondent, on May 8, 2013 (DE #35). For the reasons set forth below, the respondent's motion to dismiss (DE #35) is **DENIED**. David R. Neal, a *pro se* prisoner, filed an amended habeas petition challenging a prison disciplinary proceeding. (DE #24.) The respondent is **ORDERED** to respond to the petition on or before **September 30, 2013,** and to submit the full and complete administrative record along with the return.

On April 17, 2012, a hearing officer at Miami Correctional Facility found Neal guilty of disorderly conduct in Cause No. MCF 12-04-0065. (DE #36-6 at 1.) Among other sanctions, the hearing officer imposed a previously suspended sanction of 30 days lost earned time credits from a prior disciplinary case. (DE #36 at 1.) Neal filed an administrative appeal to the facility head, but it was denied. (DE #36-7.) In denying the appeal, the facility head

instructed him, "[s]ince a liberty interest loss is not involved, this is your final level of appeal." (*Id.*)

The respondent now moves to dismiss, arguing that the petition is barred by procedural default. (DE #36.) As the respondent points out, principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markam v. Clark,* 978 F.2d 993, 994-95 (7th Cir. 1992). Before seeking federal habeas relief, a prisoner must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads*, 280 F.3d at 729. An inmate's failure to properly exhaust his claims in the state administrative process means the claims are procedurally defaulted. *Id.*

Nevertheless, the procedural default doctrine does not impose a jurisdictional bar to federal habeas relief. *Eichwedel v. Chandler*, 696 F.3d 660, 669 (7th Cir. 2012). Rather, it is an affirmative defense that must be established by the state. *Id.* Furthermore, a habeas petitioner can overcome a procedural default by establishing cause and prejudice for the default. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which prevented the petitioner from pursuing his claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also*

*Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) (defining cause as some "external impediment").

Here, the respondent faults Neal for failing to file a second-level appeal to the Indiana Department of Correction ("IDOC") final reviewing authority. (DE #36 at 2-3.) However, Neal responds that he was told he could not appeal any further, and argues that he completed all levels of review that "MCF would allow me to do." (DE #39 at 1.) The record supports Neal's argument. As stated above, in denying Neal's appeal, the facility head specifically advised him that he had no further appeal rights. (DE #36-7.)

In the related civil rights context, a prisoner cannot be faulted for failing to exhaust when the "process that exists on paper becomes unavailable in reality." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Nor may prison officials take "unfair advantage" of the exhaustion requirement, and a remedy is not considered "available" when "prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Id.*

The court finds this same reasoning persuasive here. Neal completed the first level of appeal, and was specifically instructed by prison staff that he could appeal no further. The respondent cannot now seek dismissal of the petition based on Neal's failure to pursue a remedy that was not made available to

him.[1]  Based on the record, the respondent has failed to establish that the petition is barred by procedural default.  Accordingly, the motion to dismiss will be denied.

For the reasons set forth above, the respondent's motion to dismiss (DE #35) is **DENIED**.  The respondent is **ORDERED** to respond to the petition on or before **September 30, 2013**, and to submit the full and complete administrative record along with the return.

**DATED: August 5, 2013**                    /s/ RUDY LOZANO, Judge
                                             **United States District Court**

---

[1] The Court notes that there is some ambiguity in the record as to whether the previously suspended sanction involved disciplinary segregation, or lost earned time credits.  (*See* DE #36-6 at 1; DE #39 at 1.)  The respondent asserts that it involved earned time credits (DE #36 at 1), and the Court has accepted this assertion for purposes of the present motion.  However, if in fact the disciplinary proceeding did not lengthen the duration of Neal's confinement, he could not challenge it in a habeas petition. *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001).

4